**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRISEL RUSSO and MARK RUSSO,<br><br>Plaintiffs,<br><br>v.<br><br>THOR INDUSTRIES, INC. and CAMPING WORLD RV SALES,<br><br>Defendants. | Civil Action No: 20-10062(SDW)(LDW)<br><br>**OPINION**<br><br><br>October 1, 2020 |

**WIGENTON**, District Judge.

Before this Court is Defendants Thor Industries, Inc. ("Thor") and Camping World RV Sales' ("Camping World") (collectively, "Defendants") Motion to Dismiss Counts II – IV of Plaintiffs Grisel and Mark Russo's (collectively, "Plaintiffs") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendants' motion is **GRANTED**.

    **I.**    **BACKGROUND AND PROCEDURAL HISTORY**

On or about December 15, 2018, Plaintiffs purchased a 2018 Chateau Citation (the "RV"), manufactured by Thor, from retailer Camping World for $91,316.32. (D.E. 5-1 Ex. A ("Compl.") ¶¶ 4-6.) In connection with the purchase, Camping World sold the RV "AS-IS with no Dealer

1

guarantee or warranty, implied or express" and "**DISCLAIM[ED] AND EXCLUDE[D] FROM THIS SALE ALL WARRANTIES EXPRESS OR IMPLIED, INCLUDING THE IMPLIED WARRANTY OF MERCHANTABILITY AND THE IMPLIED WARRANTY OF FITNESS.**" (Compl. Ex. A (emphasis in original).) Thor provided a Limited Warranty for the RV which extended for twelve months from the date of purchase or 15,000 miles, whichever came first, (*id* Ex. C), and required that "any legal action for breach of express or for breach of implied warranties that may arise by operation of law must be filed within ninety (90) days of the expiration of the applicable warranty coverage period . . . ." (*Id.* Ex. D.) Beginning in March 2019, the RV exhibited numerous problems ranging from inoperative or broken components to significant leaks which Plaintiffs contend are evidence of "defects and nonconformities which substantially impair its use, value and/or safety." (*Id.* ¶¶ 11-12.)

On July 15, 2020, Plaintiffs filed a four-count Complaint in the New Jersey Superior Court for Essex County, asserting claims for: 1) violation of the New Jersey Motor Vehicle Warranty Act, N.J.S.A. 56:12-30 (only as to Thor) (Count I); 2) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.* (Count II); 3) breach of express and implied warranties (Count III)[1]; and 4) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ("NJCFA") (Count IV).[2] (D.E. 5-1.) Defendants filed the instant motion to dismiss Counts II-IV of the Complaint on August 24, 2020, and opposition[3] and reply briefs were timely filed. (D.E. 5, 6, 7.)[4]

---

[1] Plaintiffs title this count as a violation of the Uniform Commercial Code ("UCC").

[2] This count is improperly labeled as Count III.

[3] Plaintiffs' counsel is encouraged to proofread any future submissions to the Court to avoid the extensive typographical errors found in the Complaint and the opposition brief.

[4] This Court notes that, although Thor's Limited Warranty provides that "[e]xclusive jurisdiction for deciding legal disputes relating to alleged breach of warranty or representations of any nature must be filed in the courts within the

**II.     LEGAL STANDARD**

  A. Rule 12(b)(6)

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint

---

state of manufacture, which is Indiana" and requires that the warranty "be interpreted and construed in accordance with the laws of the state of Indiana," neither party references Indiana law in their filings, nor have Defendants challenged Plaintiffs' choice of forum. Because the parties base their arguments on New Jersey law, so shall this Court.

should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

  B. Rule 9(b)

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.,* Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004)).

**III. DISCUSSION**

  A. Counts II & III - Magnuson-Moss Warranty Act and Breach of Warranty

The statute of limitations for breach of sales contracts is generally four years, but reduction of a warranty period contained in such a contract is permissible under New Jersey law. *See* N.J.S.A. 12A:2-275(1) (providing that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year"). Disclaimer of warranties is also permissible under New Jersey law, where such disclaimer "is in writing and conspicuous." *Pirano-Keyser v. Apple, Inc.*, Civ No. Civ. No. 19-9162, 2019 WL 7288941, at *9 (D.N.J. Dec. 30, 2019); *see also* N.J.S.A. 12A:2-316(2). "[W]hether a disclaimer is conspicuous is a question of law for the Court." *In re Caterpillar, Inc., C13 & C15 Engine Prod. Liab. Litig.*, Civ. No. 14-3722, 2015 WL 4591236, at *28 (D.N.J. July 29, 2015).

The TMC Limited Warranty requires that all actions for breach of warranty, express or implied, be brought within ninety days of the end of the twelve-month warranty period. (Compl. Ex. C, D.) This is permissible under New Jersey law. *See Bowen v. Hyundai Motor Am.*, Civ. No. 15-6942, 2016 WL 3466085, at *2-3 (D.N.J. June 22, 2016) (upholding a one-year contractual limitations period as reasonable and discussing reasonableness generally). Because Plaintiffs purchased the RV on December 15, 2018, but did not file suit until July 15, 2020, Plaintiffs' claims as to Thor are time-barred. Because Camping World expressly disclaimed all warranties in writing and in conspicuous fashion – putting the disclaimer in bold, underlined, capitalized font on the front page of the sales contract – Plaintiffs' claims as to that entity must also be dismissed. As a result, Count III must be dismissed as to both defendants.

Since Plaintiffs' state law warranty claims fail, so too must their MMWA claim. To state a claim under the MMWA, a plaintiff must first adequately plead a claim for breach of warranty under state law. *Cooper v. Samsung Elecs. Am., Inc.*, Civ. No. 07-3853, 2008 WL 4513924, at *6 (D.N.J. Sep. 30, 2008) (dismissing MMWA claim where state law warranty claim had already been dismissed, noting that MMWA claims are "dependent on state law claims"). The dismissal of Plaintiffs' state law claims, therefore, also requires dismissal of Count II.

B. <u>Count IV – New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*</u>

To bring a successful claim under the NJCFA, a plaintiff must prove: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Majdipour v. Jaguar Land Rover N. Am., LLC*, Civ. No. 12-7829, 2013 WL 5574626, at *7 (D.N.J. Oct. 9, 2013) (citing *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009)). A claim pursuant to the NJCFA sounds in fraud and is subject to heightened pleading, which requires Plaintiffs to specify each individual defendant's

5

actions and their individual liability. *See e.g.*, *Torres-Hernandez v. CVT Prepaid Solutions, Inc.*, Civ. No. 08-1057, 2008 WL 5381227, at *5 (D.N.J. Aug. 29, 2018); *Riachi v. Prometheus Grp.*, Civ. No. 17-811, 2017 WL 2438838, at *3 (D.N.J. June 6, 2017) (noting that Rule 9(b)'s particularity requirement demands that plaintiffs "plead 'the who, what, when, where, and how: the first paragraph of any newspaper story'") (citing *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999)); *see also* FED. R. CIV. P. 9(b).

Plaintiffs' Complaint does not provide this level of specificity. Plaintiffs make generalized, conclusory allegations of fraudulent practices, but do not indicate what specific actions were taken, when they were taken, or where they occurred. In addition, although Plaintiffs indicate that they are raising a fraud claim against both defendants, they consistently refer to only a single defendant, thus failing to specify who acted wrongfully. This is insufficient. As a result, Count Four must be dismissed, but Plaintiffs shall be given thirty (30) days to replead their fraud claim.

## IV.     CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED WITH PREJUDICE** as to Counts II and III. Defendants' Motion is **GRANTED WITHOUT PREJUDICE** as to Count IV. Plaintiffs shall have thirty (30) days within which to file an amended complaint. An appropriate order follows.

                                                ___/s/ Susan D. Wigenton_____
                                                **SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
              Parties