NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

November 10, 2020

Timothy J. Abeel, Jr., Esq.
Timothy J. Abeel & Associates, P.C.
25 Regency Plaza
Glen Mills, PA 19342
*Counsel for Plaintiffs*

Matthew T. Pisano, Esq.
Pisano Law Firm
309 Fellowship Road, Suite 200
Mount Laurel, NJ 08054
*Counsel for Defendants*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

   Re:   Russo v. Thor Industries, Inc. et al.
         Civil Action No. 20-10062 (SDW) (LDW)

Counsel:

Before this Court is Plaintiffs' Motion for Reconsideration of this Court's October 1, 2020 Opinion and Order ("October 1st Decision") which granted Defendants' partial motion to dismiss Plaintiffs' Complaint. (D.E. 8, 9.) This Court having considered Plaintiffs' submission and noting that Defendants did not file opposition, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** the Motion for Reconsideration.

## DISCUSSION

   A.   Standard of Review

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Speciality, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2-3 (D.N.J. July 30, 2015). A party moving for reconsideration must file its motion within fourteen (14) days "after the entry of the order or

judgment on the original motion" and set "forth concisely the matter or controlling decisions which the party believes the . . . Judge has overlooked." L. Civ. R. 7.1(i). A motion for reconsideration is "an extremely limited procedural vehicle," *Ferrentino*, 2015 WL 4602995 at *2 (internal citations omitted), which is to be granted "sparingly." *A.K. Stamping Co., Inc. v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Motions to reconsider are only proper where the moving party shows "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere disagreement with a court's decision is not an appropriate basis upon which to bring a motion for reconsideration as such disagreement should "be raised through the appellate process." *U.S. v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

      B.  The October 1, 2020 Decision Is Not Clearly Erroneous or Contrary to Law

The October 1st Decision clearly identified and applied the proper legal standards for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs do not identify any intervening change in the relevant law or new evidence that was unavailable at the time this Court entered its decision, consequently, Plaintiffs' motion rests solely on the contention that this Court's decision contains an error of fact or law that, if left uncorrected, would result in manifest injustice. However, Plaintiffs point to no such error, and instead, merely encourage this Court to "analyze the same facts and cases it already considered" to come to a different conclusion. *Tehan v. Disability Mgmt. Servs.*, 11 F. Supp. 2d 542, 549 (D.N.J. 2000). Asking this Court to "rethink" its holding is not an appropriate basis upon which to seek reconsideration. *See Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Accordingly, Plaintiffs' motion will be denied.

**CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion for Reconsideration of this Court's October 1, 2020 Opinion and Order is **DENIED**. An appropriate order follows.

                                                                 /s/ Susan D. Wigenton
                                          **SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.